IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-219-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CARRIE GAYLE KERSEY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for reconsideration of her sentence (DE 140). The government did not respond to the motion.

On March 17, 2022, the court sentenced defendant to 72 months' imprisonment following her conviction for conspiracy to manufacture, distribute, and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). Defendant now moves for reconsideration of her sentence pursuant to 18 U.S.C. § 3742(e), arguing that her post-sentencing rehabilitation justifies a sentence reduction.

With limited exceptions, the court may not modify a sentence after it has been imposed. 18 U.S.C. § 3582(c). Section 3742(e), on which defendant relies, does not permit reconsideration of defendant's sentence in the district court. See 18 U.S.C. § 3742(e). Rather, § 3742(e) provides guidelines for review of a sentence on direct appeal. See id.

Defendant may seek a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), also known as compassionate release. To obtain compassionate release, defendant must establish extraordinary and compelling reasons justify a sentence reduction, and that the factors under 18 U.S.C. § 3553(a) weigh in favor of early release. 18 U.S.C. § 3582(c)(1)(A); United States v.

Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020). Although not a jurisdictional requirement, the statute also requires defendants to first request compassionate release through the Federal Bureau of Prisons' administrative procedures. See 18 U.S.C. § 3582(c)(1)(A); United States v. Muhammad, 16 F.4th 126, 129 (4th Cir. 2021). Here, defendant does not argue that extraordinary and compelling reasons justify early release. Furthermore, rehabilitation alone cannot establish extraordinary and compelling reasons for release. See 28 U.S.C. § 994(t). Accordingly, the instant motion fails to establish grounds for compassionate release.

Based on the foregoing, defendant's motion for reconsideration (DE 140) is DISMISSED without prejudice. To the extent defendant is seeking compassionate release, she may file a renewed motion that complies with the standards set forth herein.

SO ORDERED, this the 3rd day of November, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge